UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| Daniel Jungles | ) | |
| --- | --- | --- |
| | ) | No. 15 C 3329 |
| Plaintiff, | ) | Judge Thomas M. Durkin |
| v. | ) | |
| IBEW Local 134, IBEW-NECA Technical Institute of the Electrical Joint Apprenticeship and Training Trust | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Daniel Jungles ("Plaintiff") originally filed this action on March 3, 2015, against IBEW Local 134 and IBEW-NECA Technical Institute of Electrical Joint Apprenticeship and Training Trust (EJAAT) ("Defendants") in the Circuit Court of Cook County. R. 1. Ex. A. Defendants subsequently removed the case to this Court pursuant to 28 USC §§ 1331, 1441, and 1446. R. 1. Presently before the Court is Plaintiff's objection to removal and motion to remand the case back to Illinois state court. R. 14. On May 27, 2015, the Court made a preliminary oral ruling indicating that it would deny Plaintiff's motion to remand. R. 22. The Court has reconsidered that ruling, *sua sponte*. For the following reasons, the motion to remand, R. 14, is granted.

## BACKGROUND

Plaintiff's complaint alleges that he was a participant in the electrical apprenticeship program run by EJATT. R. 1 Ex. A at 5. That program provided him on-the-job training and practical experience toward becoming a journeyman electrician while working for electrical contractors. *Id.* On September 8, 2008, the parties entered into a written apprenticeship probation agreement ("Probation Agreement") reinstating Plaintiff's participation in the electrical apprenticeship program. *Id.* On October 6, 2009, Plaintiff was terminated due to a poor evaluation. *Id.* at 6. Plaintiff filed a claim for breach of contract in state court. *Id.* Plaintiff alleges that his termination from the program breached the terms of the Probation Agreement, resulting in economic damages of ongoing lost wages. *Id.*

## LEGAL STANDARD

Removal of actions from state court to federal court is governed by 28 U.S.C. § 1441, which provides, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove

those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

## ANALYSIS

Defendants assert that Plaintiff's claim is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Specifically, Defendants contend that EJATT's electrical apprenticeship program is a "welfare benefit plan" as defined by ERISA and that although Plaintiff has styled his claim as one for breach of the Probation Agreement, he seeks to enforce his alleged rights as a former participant and beneficiary in EJATT's apprenticeship program.[1] R. 1 ¶ 6. As such, they argue that Plaintiff's claim is removable under the complete preemption doctrine as a state action falling within the scope of section 502(a) of ERISA, 29 U.S.C. § 1132(a). *Id.*

---

[1]Defendants argue that Plaintiff in fact seeks a benefit of education and training provided by EJATT's apprenticeship program. Citing ERISA definitions under 29 U.S.C. § 1002, they contend that the apprenticeship program itself is a welfare benefit covered by ERISA:

> (l) The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services.

*See* R. 1 ¶ 3; R. 19 at 5.

3

In support of his motion for remand, Plaintiff primarily argues that his case does not fall within the scope of ERISA because he is not alleging exclusion from or denial of access to fringe benefits under ERISA and in fact seeks lost wages from termination of his apprenticeship. R. 17 at 4, 7. Essentially, he argues that he does not seek to enforce the terms of any plan and that his claims are based on independent state law obligations. He contends that the apprenticeship was not a fringe benefit to him, but instead was the equivalent of being his "paid job." R. 21 at 5–6. Finally, Plaintiff argues that resolution of the case will not require analysis of any provision or ERISA or any federal statute because the lawsuit centers on the Probation Agreement.

ERISA § 502(a) provides federal jurisdiction over any civil action brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). "Accordingly, state claims within the scope of ERISA § 502(a) are completely preempted." *Walsh, Knippen, Pollock & Centina, Chartered v. Int'l Union of Operating Engineers*, No. 14 C 8232, 2015 WL 1777449, at *2 (N.D. Ill. Apr. 15, 2015) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67 (1987); *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir 1998)). In order to determine whether Plaintiff's claim is preempted by Section 502(a), this Court must consider the following two-part analysis: (1) whether Plaintiff could have brought his claim under ERISA §

502(a), and (2) whether there is another independent legal duty implicated by EJATT's action in removing Plaintiff from the apprenticeship program. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

With respect to the first part of the analysis, the Court notes that "[j]oint apprenticeship and training funds are 'welfare benefit plans' under ERISA." *Milwaukee Apprenticeship Training v. Howell*, 67 F.3d 1333, 1337 (7th Cir. 1995). Indeed, another court from this district has held that EJATT—defendant in this case—administers an ERISA-qualified welfare benefit plan. *See Jennings v. Pierce*, No. 93 C 2539, 1995 WL 88795, at *1 (N.D. Ill. March 1, 1995) ("EJATT is funded by employers who have entered into collective bargaining agreements with the International Brotherhood of Electrical Workers Local 134. It is an employee benefit plan under . . . 'ERISA'"). Though not controlling, such district court decisions have persuasive authority. *Obrycka v. City of Chi.*, 913 F. Supp. 2d 598, 602 (N.D. Ill. 2012).

However, the Court need not decide the question of whether Plaintiff could have brought his claim under ERISA § 502(a). Even if Plaintiff, as a participant in the program, had a right to bring a claim for benefits under ERISA, the Court finds the second element of the *Davila* preemption test—that there is no independent legal duty—is not met. Under the second prong, "a court must determine whether interpretation of the terms of the benefit plan forms an essential part of the plaintiff's state law claim." *Segerberg v. Pipe Fitters' Welfare Fund, Local 597*, 918 F. Supp. 2d 780, 784 (N.D. Ill. 2013) (citing *Davila*, 542 U.S. at 213). "[I]f it does,

5

then the duty is not independent of the plan and preemption still applies." *Id.*

Defendants have failed to show that Plaintiff's claims turn on interpretation of the benefit plans terms. In the complaint, Plaintiff alleges that Defendants breached the Probation Agreement—based on language therein—by terminating his participation due to a poor evaluation. R. 1 Ex. A. The complaint does not, therefore, seek to enforce the terms of an ERISA plan. *See e.g., Estate of Minko ex rel. Minko v. Heins*, No. 14-CV-210-WMC, 2015 WL 856635, at *3 (N.D. Ill. Feb. 27, 2015) (remanding plaintiff's state law claim for breach of contract, among others, and finding that even if the claims satisfied the first element of the *Davila* analysis, plaintiff's complaint alleged that defendant breached its employment contract with plaintiff and therefore did not seek to enforce terms of an ERISA plan); *see also Ho v. Motorola, Inc.,* No. 07 C 6743, 2008 WL 4534031, at *3-4 (N.D Ill. Oct. 3, 2008) (finding that "[u]nder the interpretation of the agreement most favorable to plaintiff, he is not claiming . . . benefits. Instead, he is alleging that defendant breached an agreement . . . . Under this interpretation, plaintiff could not have brought these claims under ERISA and defendant has an independent legal duty under state contract law.").

Defendants argue that determining whether EJATT's trustees properly removed Plaintiff from the apprenticeship program would require the Court to review and interpret Plaintiff's rights and obligations under the Probation Agreement, EJATT's Trust Agreement, EJATT's Standards of Apprenticeship, EJATT's Policy and Procedures, and, if the case were to go forward, "the Collective

6

Bargaining Agreement with respect to its provisions governing the administration of the Union's exclusive hiring hall in order to evaluate Plaintiff's claim for lost wages as a result of being removed from the program." R. 19 at 5; R. 18 at 8. Defendants' implications about the significance of these documents are vague. The plaintiff's participation in a plan or fund alone is not conclusive. For example, where a complaint's references to coverage under a plan "are solely for the purpose of identifying a damages amount, they do not convert the claims into ones for plan benefits." *Minko*, 2015 WL 856635, at * 4 (citing *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health and Welfare Trust Fund*, 538 F.3d 594, 598 (7th Cir. 2008)).

Defendants attach the Probation Agreement and the "Amendment to and Restatement of the Agreement and Declaration Establishing the [EJATT]" (R. 1 Ex. C) to their notice of removal. However, Defendants fail to explain why the Court's review and interpretation of this or other EJATT plan documents would be necessary to resolve Plaintiff's breach of contract action in light of the plain language of the Probation Agreement. R. 18 at 8; R. 19 at 5. *See Minko*, 2015 WL 856635 at *3 (remanding where "plaintiff's state law claims depended on the terms of the employment contract and defendants' arguable obligations under that contract or other fiduciary obligations") (citing *Segerherg v. Pipe Fitters' Welfare Fund, Local 597*, 918 F. Supp. 2d 780 (N.D. Ill. 2013)). While the Probation Agreement appears to be a reinstatement agreement for participation in the

apprenticeship program, Defendants have not shown that Plaintiff's claims are dependent on some other plan-related documents.

As noted, any doubt regarding jurisdiction should be resolved in favor of remand. *In re Estate of Kuznar*, 954 F. Supp. 2d 761, 764 (N.D. Ill. 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)). Upon reconsideration, the Court has determined such doubt exists in this case as Defendants have not met their burden for removal. Accordingly, the Court will grant Plaintiff's motion to remand.

## CONCLUSION

For the foregoing reasons, the Court finds Plaintiff's state law claim is not preempted by ERISA. If ERISA does not completely preempt Plaintiff's claim, the Court has no jurisdiction and remand is proper. *See* 28 U.S.C. 1447(c). Therefore, this Court has no jurisdiction and Plaintiff's motion for remand, R. 14, is granted.

ENTERED:

_____
Thomas M. Durkin
United States District Judge

Dated: June 18, 2015